IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv228 |
| BETTY HERRIAGE | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jay Williams, an inmate of the Henderson County Jail proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. #1.) The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On May 3, 2023, the Court observed that Plaintiff had neither paid the required filing fee nor sought leave to proceed *in forma pauperis* (IFP). (Dkt. #2.) Accordingly, the Court gave him thirty days to satisfy the filing fee requirement to proceed with this case by either paying the fee or filing a properly supported IFP application. (*Id.*) Plaintiff has not complied with that order.

Instead, Plaintiff filed a handwritten document labeled "coupon" for $402 addressed to the Clerk of Court. (Dkt. #3.) The statutes cited on the face of the coupon simply define the terms "obligation or other security of the United States" and "financial institution" as they are used elsewhere in federal law. 18 U.S.C. §§ 8, 20. They do not establish that Plaintiff's manufactured "coupon" is federal currency, and they have no bearing on his obligation to pay the filing fee for this case. It is a matter of public record that the Clerk of Court accepts payments by checks, money orders, credit cards, and debit cards. *See* United States District Court – Eastern District of Texas

Frequently Asked Questions, available at http://www.txed.uscourts.gov/?q=frequently-asked-questions (last visited June 15, 2023). Plaintiff's submission of this "coupon" is in bad faith and does not constitute an attempt to comply with the Court's Order.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to pay his filing fee or comply with the Court's orders is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff be denied leave to proceed IFP and this action be dismissed without prejudice for Plaintiff's failure to comply with an Order of the Court and failure to take the steps necessary to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Clerk shall refuse to accept any submissions from Plaintiff other than a fee payment, an IFP application, an objection to this Report, or a motion for extension of time to object.

So ORDERED and SIGNED this 20th day of June, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE